**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
**www.flsb.uscourts.gov**

*In re:* Case No.: 16-19260-LMI

YOIRE M. GONZALEZ, Chapter 7

Debtor. /

JACQUELINE CALDERIN, CHAPTER 7 TRUSTEE Adv. Case No. :______-__________

Plaintiff,

v.

YOIRE M. GONZALEZ

Defendant.
/

**COMPLAINT TO REVOKE DISCHARGE**
**PURSUANT TO 11 U.S.C. § 727(d)(3)**

Jacqueline Calderin, Chapter 7 Trustee (the "Trustee" or the "Plaintiff") for the bankruptcy estate of Yoire Gonzalez (the "Debtor" or the "Defendant"), by and through undersigned counsel, and pursuant to Section 727(d)(3) of title 11 of the United States Code (the "Bankruptcy Code"), files this complaint to revoke the discharge of Yoire M. Gonzalez.

## JURISDICTION AND VENUE

1. This is an adversary proceeding pursuant to the Rule and Section 727(d)(3) of the Bankruptcy Code.

2. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. This is an action arising under the main bankruptcy case styled *In re Yoire M. Gonzalez*, Case No. 16-19260-LMI (the "Main Case").

## PARTIES

4. Plaintiff is the Chapter 7 Trustee of the Estate.

5. The Debtor is an individual residing within the Southern District of Florida at 1305 N.W. 182nd Street, Miami, Florida 33169.

## BACKGROUND

6. This matter was initiated on June 30, 2016 by the Debtor upon the filing of a Voluntary Petition for relief under Chapter 7 of the Bankruptcy Code.

7. On December 30, 2016, the Trustee filed the *Trustee's Notice of Taking Rule 2004 Examination Duces Tecum of the Debtor* [Main Case ECF# 37] (as subsequently amended, the "2004 Notice"), which scheduled the examination of the Debtor under Bankruptcy Rule 2004 (the "2004 Examination") for January 18, 2017 and required the Debtor to produce certain documents regarding the Debtor's assets and liabilities.

8. The 2004 Notice required the Debtor to produce all requested documents and to provide a written response to the requests on or before January 13, 2017 (the "Production Deadline").

9. On January 17, 2017, the Trustee filed a *Notice of Cancellation of Notice of Taking Rule 2004 Examination* [ECF# 41], which explicitly states that it "does not in any way affect the Debtor's obligation to produce documents to the Trustee pursuant to the 2004 Notice".

10. The Debtor failed to produce any documents responsive to the 2004 Notice prior to the Production Deadline. Thus, on February 17, 2017, Trustee filed its *Motion to Compel Debtor to Produce Documents Responsive to Trustee's Amended Notice of Taking Rule 2004 Examination Duces Tecum* [Main Case ECF# 48] (the "Motion to Compel").


EHRENSTEIN CHARBONNEAU CALDERIN
501 Brickell Key Drive · Suite 300 · Miami, FL 33131 · T. 305.722.2002 · F. 305.722.2001 · www.ecclegal.com

11. On February 28, 2017, the Court entered the *Order of Discharge* [ECF #49], which granted the Debtor a discharge under 11 U.S.C. § 727.

12. On March 28, 2017, after notice and a hearing on the Motion to Compel, the Court entered the *Order Granting Trustee's Motion to Compel Debtor to Produce Documents Responsive to Trustee's Amended Notice of Taking Rule 2004 Examination Duces Tecum* [ECF# 56] (the "Order Compelling Production"), which provides that the Debtor is to produce all documents responsive to the 2004 Notice on or before April 7, 2017.

13. The Order Compelling Production was properly served on the Debtor on March 29, 2017 via U.S. Mail at the Debtor's residence of record, 1305 NW 182 St., Miami, Florida, 33169 [ECF #57].

14. The Debtor has ignored all communication attempts by the Trustee and has refused to produce any documents or to otherwise respond to the 2004 Notice on or before April 7, 2017 as required by the Order Compelling Production.

**COUNT I:**
**REVOCATION OF DEBTOR'S DISCHARGE**
**PURSUANT TO 11 U.S.C. 727(d)(3)**

15. Plaintiff hereby realleges and restates the allegations made in paragraphs 1 through 14 as if fully restated herein.

16. Section 727(d) of the Bankruptcy Code provides, in relevant part, that the court shall revoke a discharge granted under Section 727(a) if the debtor has refused "to obey any lawful order of the court, other than an order to respond to a material question or to testify". 11 U.S.C. §§ 727(a)(6), (d)(3).

17. On March 28, 2017, the Court entered the Order Compelling Production, which required the Debtor to produce all documents responsive to the 2004 Notice on or before April 7, 2017.


EHRENSTEIN CHARBONNEAU CALDERIN
501 Brickell Key Drive · Suite 300 · Miami, FL 33131 · T. 305.722.2002 · F. 305.722.2001 · www.ecclegal.com

18. The Order Compelling Production is a final, nonappealable order of this Court.

19. Despite having been properly served with the Order Compelling Production and repeated attempts by the Trustee to contact the Debtor to obtain the Debtor's compliance, the Debtor has refused to comply with the Order Compelling Production.

**WHEREFORE** the Trustee respectfully requests that the Court enter a final judgment (a) revoking the Debtor's discharge under 11 U.S.C. § 727(d)(3), and (b) providing for any additional relief that this Court deems just and proper.

***I HEREBY CERTIFY*** *that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am qualified to practice in this Court as set forth in Local Rule 2090-1(A).*

EHRENSTEIN CHARBONNEAU CALDERIN
***Counsel for Chapter 7 Trustee***
501 Brickell Key Drive, Suite 300
Miami, Florida 33131
T. 305.722.2002 F. 305.722.2001
www.ecclegal.com

By: ______________________
Matthew A. Petrie
Florida Bar No: 44770
map@ecclegal.com